UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN JAMES WALKER,

              Plaintiff,

      v.

PETER WUCHTE; BRIAN RASIAK
and KEVIN KANE,

              Defendants.

**MEMORANDUM & ORDER**
2:22-CV-1532 (HG) (AYS)

HECTOR GONZALEZ, United States District Judge:

On March 21, 2022, Plaintiff Kevin James Walker,[1] proceeding *pro se*, filed this action against Police Officer Peter Wuchte, Sergeant Brian Rasiak and Inspector Kevin Kane (the "Defendants"). *See* ECF No. 1. On April 28, 2022, Plaintiff filed an Order to Show Cause. ECF No. 8. Plaintiff paid the filing fee to commence this action. The Court denies Plaintiff's Order to Show Cause and dismisses the complaint with leave to amend as set forth below.

## BACKGROUND

Plaintiff's statement of claim consists of the following:

> My rights were violated under the color of the law. My indigenous rights were violated as an Indigenous man on the land. Please see attached fee schedule. Character defamation that I am a subject/U.S. citizen and partied to the US Bankruptcy.

---

[1] The complaint was signed by Khalid El Ali, and not Plaintiff Kevin James Walker. *See* ECF No. 1 at 5. Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). It is unclear whether Plaintiff is also known as Khalid El Ali or if Khalid El Ali is a separate individual. If Khalid El Ali is not a licensed attorney, he cannot represent Plaintiff before this Court. If Plaintiff has legally changed his name to Khalid El Ali, then any amended complaint he files must include his legal name in the caption and must be signed by the Plaintiff listed in the caption of the amended complaint.

Plaintiff also filed other actions. *See Walker v. Pastoressa, et al.*, No. 2:22-CV-0997 (HG) (AYS) (filed March 23, 2022) and *Walker v. Galanos, et al.*, No. 2:22-CV-2421 (HG) (AYS) (filed Apr. 28, 2022).

1

ECF No. 1 at 4.  Plaintiff does not set forth the relief he seeks.  *Id.*

Plaintiff also attaches the aforementioned "Fee Schedule," *id.* at 7-12, and a Certificate of Disposition dated March 23, 2021, indicating that certain charges against him were dismissed in Suffolk County state court.  *See id.* at 14.  In addition, Plaintiff has filed a separate Order to Show Cause seeking to enjoin the "Suffolk Police from harassing pulling over and creating fictitious charges out of thin air," because he fears retaliation "for winning court case and for filing civil complaint."  ECF No. 8 at 1-5.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*, *e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").  Nonetheless, a district court may dismiss a *pro se* action *sua sponte,* that is, on its own, —even if the plaintiff has paid the requisite filing fee—if the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits."), or the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A plaintiff must provide facts sufficient to allow each named defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), however, a *pro se* litigant should generally be granted "leave to amend at least once." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting

3

*Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Here, Plaintiff names Police Officer Peter Wuchte, Sergeant Brian Rasiak and Police Officer Kevin Kane in the caption but fails to allege any facts or suggest any claims against these Defendants. ECF No. 1 at 4.

As currently presented, Plaintiff's complaint does not give these Defendants fair notice of Plaintiff's claims and thus fails to comply with Rule 8. The Court directs Plaintiff to amend the complaint to comply with Rule 8 in order to proceed with this action.

### B. Federal Criminal Law Claims

To the extent Plaintiff seeks to sue Defendants for violations of federal criminal statutes, *see* ECF No. 1 at 3 (citing 18 U.S.C. §§ 241, 242, 3571), his claims are dismissed. "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). "A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action." *See Hill*, 191 F. App'x at 14-15 (citations omitted); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Specifically, there is no private right of action under 18 U.S.C. §§ 241 and 242. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir. 2009) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241-242 . . . are not cognizable, as federal criminal statutes do not provide private causes of action."); *Lodrini v. Sebelius,* No. 14-CV-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (same). Thus, the Court dismisses as frivolous Plaintiff's attempt to bring federal criminal charges against Defendants. *Livingston*, 141 F.3d at 437 (a claim is frivolous if it "is based on an indisputably meritless legal theory").

### C. False Arrest or Malicious Prosecution

To the extent Plaintiff seeks to sue Defendants for false arrest or malicious prosecution, he has failed to allege facts against these Defendants as currently presented.

To allege a false arrest claim, a plaintiff must allege facts to show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (alteration in the original) (internal quotation marks and citation omitted). The existence of probable cause to arrest "is a complete defense to an action for false arrest," *id.* at 852 (internal quotation marks omitted). To allege a malicious prosecution claim, a plaintiff must allege facts to show a violation under the Fourth Amendment and meet the elements of New York's malicious prosecution law, *i.e.*, "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted); *see also Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) ("A plaintiff need only show that the criminal prosecution ended without a conviction" in order to satisfy the favorable termination requirement).

### D. Plaintiff's Order to Show Cause

The Court denies Plaintiff's Order to Show Cause for a preliminary injunction and temporary restraining order. Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d

5

Cir. 1990).  To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief."  *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010).

The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).  Plaintiff does not meet the standard for emergency injunctive relief.  Plaintiff has neither made a showing of irreparable harm nor demonstrated a likelihood of success on the merits.

### E.  Request for Service by United States Marshals Service

Plaintiff's request to have the United States Marshals Service serve the summons and complaint is also denied.  *See* ECF No. 6.  Because Plaintiff paid the filing fee, he is responsible for effecting service of process on the Defendants.   Plaintiff has not shown an adequate basis for seeking service of process by the United States Marshals Service without prepayment of fees.  *See, e.g., Flint v. Jun*, 1:19-CV-00416 (EAW), 2020 WL 8838041, at *1 (W.D.N.Y. June 3, 2020) (granting plaintiff's request because he is incarcerated and proceeding *pro se*).

## CONCLUSION

As set forth above, Plaintiff's complaint is dismissed as it fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  However, in light of Plaintiff's *pro se* status, the Court directs him to file an amended complaint that complies with Rule 8 within 30 days in order to proceed with this action.

6

==Plaintiff's request to have the United States Marshals Service serve the summons and complaint is denied.== *See* ECF No. 6. ==Plaintiff's Order to Show Cause is denied.== *See* ECF No. 8.

All further proceedings shall be stayed for 30 days or until Plaintiff files an amended complaint, whichever is earlier. The amended complaint should be captioned, "Amended Complaint" and bear the same docket number as this Order, 2:22-CV-1532 (HG) (AYS). The amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must set forth what each Defendant did or failed to do, what harm he sustained, and the relief he seeks. Plaintiff must allege each Defendant's direct or personal involvement in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citation omitted). Plaintiff must also provide the date and location for each relevant event. While Plaintiff may include exhibits in support of his claims, he cannot rely on exhibits to fulfill his obligation to provide a statement of claim that complies with Rule 8. *See, e.g.*, *Irons v. U.S. Gov't*, No. 21-CV-4683 (KAM) (LB), 2021 WL 4407595, at *2 (E.D.N.Y. Sept. 27, 2021) ("Neither the court nor defendants should have to parse through the complaint or attached exhibits to ascertain the factual basis for plaintiff's claims.").

If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot, the Court will direct the Clerk of Court to enter judgment and close this case.

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED:

                                                  ___*/s/ Hector Gonzalez*_____
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
        June 15, 2021