UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHALID EL ALI, formerly known as
KEVIN JAMES WALKER,

    Plaintiff,

v.

PETER WUCHTE, BRIAN RASIAK,
KEVIN KANE, JOSEPH GALANOS, JOHN
ROWAN, PAUL J. MARGIOTTA, and
MARK J.F. SCHROEDER,

    Defendants.

**MEMORANDUM & ORDER**
22-CV-01532 (HG) (LGD)

**HECTOR GONZALEZ**, United States District Judge:

    Khalid El Ali, formerly known as Kevin James Walker, ("Plaintiff"), filed an amended complaint against Police Officer Peter Wuchte, Police Officer Joseph Galanos, Sergeant Brian Rasiak, Inspector Kevin Kane, Inspector John Rowan, Executive Director of the Traffic and Parking Violations Agency Paul J. Margiotta and Commissioner of the New York State Department of Vehicles Mark J.F. Schroeder (collectively, "Defendants") alleging that they: (i) violated federal criminal statutes 18 U.S.C. §§ 241, 242, and 1201 for conspiracy and kidnapping; (ii) deprived him of his civil rights while acting under the color of state law, in violation of 42 U.S.C. § 1983; (iii) violated the United Nations Declaration on Rights of Indigenous People; and (iv) violated the 1787 Moroccan-American Treaty of Peace and Friendship. *See* ECF No. 13 at 4.

    Plaintiff's claims are based on a series of events which include: (i) Defendants' alleged failure to acknowledge Plaintiff's "status and nationality as an Indigenous American Moor" and his name change, ECF No. 13 at 14, 15–16; (ii) Officer Wuchte pulling Plaintiff over and

arresting him on April 16, 2020 and his subsequent treatment at the precinct, *id.* at 13–14; (iii) Officer Galanos pulling Plaintiff over and ticketing him under a "fictitious name" on August 13, 2021, *id.* at 15; (iv) Officer Rhoades and Officer Galanos pulling Plaintiff over and ticketing him on August 8, 2022, *id.* at 17; and (v) receipt of a letter of arraignment for the arrest of "Kevin James Walker" on April 26, 2022, which Plaintiff alleges did not occur, *id.* at 16–17.

On August 16, 2022, Plaintiff filed a motion purporting to seek a temporary restraining order and preliminary injunction against Defendants. *See* ECF No. 15. Plaintiff requests that the Court prohibit Defendants from "harassing" him, pulling him over, "putting false charges, [and] falsifying paperwork." ECF No. 15 at 1, 3. Plaintiff further states that he fears the "police will plant drugs or guns" on him and claims that Defendants are retaliating against him because his criminal case was dismissed. ECF No. 15 at 4. The Court declines to issue a temporary restraining order or a preliminary injunction for the reasons explained below.

A plaintiff seeking a temporary restraining order or a preliminary injunction must generally prove that the same elements are satisfied. *Grayson v. Equifax Credit Info. Servs.*, No. 18-cv-6977, 2019 WL 1862929, at *1 (E.D.N.Y. Apr. 24, 2019). Those elements require Plaintiff to: "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [his] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (internal quotation marks omitted). "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Security*, 969 F.3d 42, 86 (2d Cir. 2020).

Preliminary injunctive relief "'is an extraordinary remedy never awarded as of right.'" *Trump Vill. Section 4, Inc. v. Local 804 Int'l Brotherhood of Teamsters*, No. 22-cv-3925, 2022 WL 2669898, at *2 (E.D.N.Y. July 11, 2022) (quoting *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (per curiam)). "Plaintiff's application fails to state any facts from which the Court could conclude that a [temporary restraining order] or [preliminary injunction] is appropriate." *Grayson*, 2019 WL 1862929, at *1. After considering together both Plaintiff's amended complaint and his request for injunctive relief, the Court concludes that Plaintiff has neither demonstrated a likelihood of success on the merits, nor has he included any allegations that are suggestive of irreparable harm. Although Plaintiff alleges that Defendants are falsifying documents, harassing him by pulling him over, and "act[ing] like armed mercenaries instead of peace officers," ECF No. 15 at 1, 3–4, Plaintiff does not specifically: (i) discuss the legal standards applicable to his motion and how his allegations suggest the likelihood of his success on the merits, and (ii) how Defendants' alleged stalking, harassment, and fabrication would cause him irreparable harm that could not be remedied by money damages. *See Perri v. Bloomberg*, No. 06-cv-403, 2008 WL 2944642, at *8 (E.D.N.Y. July 31, 2008) (concluding that plaintiff's failure to discuss legal standards and unsupported allegations do not suffice to establish irreparable harm). Plaintiff's general belief that he is being followed and is in constant danger do not demonstrate irreparable harm. Conclusory allegations lacking supporting evidence are insufficient to sustain a request for a preliminary injunction. *See Crichlow v. Fischer*, No. 12-cv-7774, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015) ("Preliminary injunction requests are frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65.") (internal quotation marks and citation omitted).

3

For the reasons described above, the Court denies Plaintiff's motion for a temporary restraining order and a preliminary injunction. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

                                                         */s/ Hector Gonzalez*
                                                         HECTOR GONZALEZ
                                                         United States District Judge

Dated: Brooklyn, New York
        August 25, 2022