UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID EL ALI, formerly known as KEVIN JAMES WALKER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PETER WUCHTE, BRIAN RASIAK, KEVIN KANE, JOSEPH GALANOS, JOHN ROWAN, PAUL J. MARGIOTTA, and MARK J.F. SCHROEDER,<br><br>　　　　　　　　Defendants. | **MEMORANDUM & ORDER**<br>22-CV-01532 (HG) (LGD) |

**HECTOR GONZALEZ**, United States District Judge:

On March 21, 2022, Plaintiff, proceeding *pro se*, filed this fee-paid action against Police Officer Peter Wuchte, Sergeant Brian Rasiak and Inspector Kevin Kane (the "Defendants"). *See* ECF No. 1.  On May 17, 2022, Plaintiff filed an order to show cause seeking immediate relief. *See* ECF No. 8.  By Memorandum and Order dated June 15, 2022, the Court denied Plaintiff's order to show cause and dismissed the complaint with leave to amend.  *See* ECF No. 10.  On July 6, 2022, the Court granted Plaintiff's motion for an extension of time to amend.  *See* Docket Entry dated July 6, 2022.

On August 15, 2022, Plaintiff filed an amended complaint against the same defendants and the following additional defendants:  Inspector John Rowan, Police Officer Joseph J. Galanos, Executive Director Paul J. Margiotta and Commissioner of the New York State Department of Motor Vehicles Mark J.F. Schroeder (collectively, "Defendants").  *See* ECF No. 13 at 2-3.  Plaintiff alleges that Defendants:  (i) violated federal criminal statutes 18 U.S.C. §§ 241, 242, and 1201 for conspiracy and kidnapping; (ii) deprived him of his civil rights while acting under the color of state law, in violation of 42 U.S.C. § 1983; (iii) violated the United

Nations Declaration on Rights of Indigenous People; and (iv) violated the 1787 Moroccan-American Treaty of Peace and Friendship. *See id.* at 4. Plaintiff seeks damages and injunctive relief. *Id.* at 5, 19. On August 16, 2022, Plaintiff filed an order to show cause seeking immediate injunctive relief. *See* ECF No. 15. By Order dated August 25, 2022, the Court denied Plaintiff's order to show cause. *See* ECF No. 16. The amended complaint is dismissed in part as set forth below.

## **BACKGROUND**

In the amended complaint, Plaintiff alleges that on April 16, 2020, he was falsely arrested by Police Officer Wuchte in Suffolk County. *See* ECF No. 13 at 13. He alleges that Officer Wuchte refused to acknowledge the validity of his "Moorish American travel documents" which showed his name as "Khalid El Ali and not Kevin J. Walker." *Id.* Plaintiff further alleges that he was taken to the 1st Precinct in Suffolk County and that Sergeant Brian Rasiak forced him to "sign documents as, and to impersonate, Kevin J. Walker." *Id.* at 14. Plaintiff includes a Certificate of Disposition indicating that the charges against Kevin J. Walker for this arrest were dismissed on March 23, 2021. *Id.* at 32. Plaintiff further alleges that on August 13, 2021, Police Officer Joseph Galanos of the 3rd Precinct in Suffolk County also questioned "the validity of [his] Moorish travel credentials" and issued "four tickets/citations" to Kevin J. Walker. *Id.* at 14–15, 36. Plaintiff next alleges that on August 8, 2022, Officer Rhoades, at the behest of Officer Galanos, issued several traffic tickets to Kevin J. Walker. *Id.* at 17-18, 47–53. Plaintiff also includes documents from the Department of Motor Vehicles ("DMV") providing him with notice that his license will be suspended on August 27, 2022. *Id.* at 38–42.

Plaintiff attaches a "Fee Schedule," *id.* at 8–12, an excerpt of the Treaty with Morocco, *id.* at 23–24, and other documents related to the Moorish Nation, including documents purporting

to be photo identification cards and proof of name change issued by the "Moorish Divine and National Movement." *Id.* at 25–32.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court may dismiss a *pro se* action *sua sponte,* that is, on its own, —even if the plaintiff has paid the requisite filing fee—if the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits."), or the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when

3

plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff alleges that he notified Inspector Kevin Kane, Inspector John Rowan, Paul J. Margiotta of the Suffolk County Traffic and Parking Violations Agency, and DMV Commissioner Mark J.F. Schroeder of his "status and nationality as an Indigenous American Moor," *see* ECF No. 13 at 14–16, so that they are liable as co-conspirators in violation of 18 U.S.C. § 241.  Plaintiff also sues pursuant to 18 U.S.C. § 1201.  *Id.* at 4.  "As a general matter. . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)).  "A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action." *Hill*, 191 F. App'x at 14–15 (citations omitted); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).  Specifically, there is no private right of action under 18 U.S.C. §§ 241 and 242.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir. 2009) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242 . . . are not cognizable, as federal criminal statutes do not provide private causes of action."); *Lodrini v. Sebelius,* No. 14-cv-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (citing to *Sheehy*).  Thus, the Court dismisses as frivolous

4

Plaintiff's attempt to bring federal criminal charges against Defendants. *Livingston*, 141 F.3d at 437 (finding that a claim is frivolous if it "is based on an indisputably meritless legal theory").

In addition to the federal criminal statutes, Plaintiff brings this action pursuant to the United Nations Declaration of Rights on Indigenous People and the 1787 Moroccan-American Treaty of Peace and Friendship ("Treaty of Peace and Friendship"), *see* ECF No. 13 at 4, 14. However, neither the United Nations Declaration nor the Treaty of Peace and Friendship to which Plaintiff refers provide a basis for relief. *See, e.g., Powell v. New York State Dept. of Educ.*, No. 18-cv-7022, 2022 WL 900605, at *5–8 (E.D.N.Y. Mar. 28, 2022) (holding that "neither the United Declaration on the Rights of Indigenous Peoples and Treaties of Peace and Friendship of 1787 and 1836 give rise to any causes of action"); *Bey v. Furman*, No. 21-cv-4090, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (holding that the Treaty of Peace and Friendship does not provide a basis in law for plaintiff's legal claim).

Furthermore, Plaintiff cannot challenge his traffic tickets in this Court based on his purported status as an "Indigenous American Moor" or based on the alleged impediment to his right to travel. *See* ECF No. 13 at 14–15. To the extent Plaintiff claims he is not subject to the enforcement of New York State's traffic rules,[1] this legal theory has been universally rejected by federal courts—the "law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Smith ex rel. Bey v. Kelly*, No. 12-cv-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012); *see also Atum v. Ricigliano*,

---

[1] Plaintiff asserts that he is an "Indigenous American Moor," ECF No. 13 at 14, and his submissions are replete with Moorish sovereign citizen movement jargon. "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 107 (2d Cir. 2013) (summary order).

5

No. 12-cv-2447, 2012 WL 3230529, at *2 (E.D.N.Y. July 31, 2012) (rejecting contention that Moorish Nationals are not subject to New York State laws).

In any event, the issuance of the traffic tickets alone or the alleged impediment to the right to travel does not suggest a plausible claim under 42 U.S.C. § 1983. *See Johnson El v. Bird*, No. 19-cv-5102, 2020 WL 5124920, at *6 (S.D.N.Y. Aug. 31, 2020) (dismissing challenge to traffic ticket issued to plaintiff identifying as a Moorish National); *Annan v. State of New York Dep't of Motor Vehicles*, No. 15-cv-1058, 2016 WL 8189269, at *5 (E.D.N.Y. Mar. 2, 2016) ("What is at issue here is simply Annan's ability to travel by motor vehicle on New York's road – a privilege not protected by the Constitution."), *aff'd*, 662 F. App'x 85 (2d Cir. 2016); *see also Techu-El v. Conetta*, No. 22-cv-0111, 2022 WL 2704101, at *3 (S.D.N.Y. July 11, 2022) ("Under New York's Vehicle & Traffic Laws, a valid driver's license issued by the State of New York is required to operate a motor vehicle . . . . Courts have repeatedly rejected arguments that a Moorish National 'right to travel' card has any validity."). Therefore, to the extent Plaintiff sues Defendants for the purported violation of rights under the federal criminal code, the right to travel, or rights emanating from his status as an "Indigenous American Moor," those claims are dismissed as frivolous.

However, Plaintiff's claim that he was unlawfully arrested and that the charges incident to this arrest were dismissed suggests a claim under 42 U.S.C. § 1983. *See Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996); *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). Therefore, the claims against Police Officer Peter Wuchte and Police Sergeant Brian Rasiak may proceed at this juncture.[2]

---

[2] The Court's finding that Plaintiff meets the minimum pleading requirements under Rule 8 to proceed with his Amended Complaint does not preclude Defendants from moving to dismiss the Amended Complaint.

## **CONCLUSION**

As set forth above, Plaintiff's amended complaint against Kevin Kane, John Rowan, Paul J. Margiotta, Mark J.F. Schroeder, and Joseph J. Galanos as well as any claims purportedly filed pursuant to the federal criminal code or Moorish National theories are dismissed as frivolous.

The Clerk of Court is directed to terminate these Defendants and amend the caption on the docket to reflect their dismissal from this action.

The amended complaint shall proceed as to Police Officer Peter Wuchte and Police Sergeant Brian Rasiak, employed at the 1st Police Precinct in West Babylon, Suffolk County, solely as related to Plaintiff's arrest on April 16, 2020.

The case is referred to the Honorable Lee G. Dunst, United States Magistrate Judge, for all pretrial proceedings.

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket. The Clerk is also directed to mail a courtesy copy of this Order to the Suffolk County Attorney.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       August 25, 2022